# Leech's Estate.

*Wills—Charitable bequests—Attesting witness—Interested witness—Acts of April 26, 1855, P. L. 328, and June 7, 1911, P. L. 702.*

1. Under the Act of April 26, 1855, P. L. 328, as it stood unamended by the Act of June 7, 1911, P. L. 702, a witness who was a legatee under a will, although not interested in a charitable gift being contested, was not a disinterested witness within the meaning of the earlier act. The Act of June 7, 1911, had no retroactive force and was not applicable to wills executed prior to its date.

2. Where a will containing charitable bequests, has as one of its two attesting witnesses a legatee under the will, the charitable bequests are not saved by the fact that there were two codicils to the will each attested by one disinterested witness, and that witness not one of the subscribing witnesses to the will proper.

Argued March 18, 1912. Appeal, No. 79, Oct. T., 1912, by Jesse Leech Davison, from decree of O. C. Allegheny Co., Oct. T., 1911, No. 59, dismissing exceptions to adjudication in Estate of Sarah S. Leech, deceased. Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ. Reversed.

Exceptions to adjudication.

From the record it appeared that the original will of the testatrix dated Nov. 14, 1898, contained several charitable bequests and was witnessed by C. F. Bingaman, a legatee under the will, but not interested in the charities, and by Caroline D. Childs. On February 14, 1908, the testatrix executed a codicil appointing an executor in place of one of the executors in the original will who had died. This codicil was witnessed by I. M. Arnold, who was a disinterested witness. On March 30, 1908, testatrix executed a second codicil by which she gave a small money legacy to an individual. This codicil was witnessed by George B. Logan, who was a disinterested witness. Testatrix died June 3, 1910. The

auditing judge held that the charitable bequests were valid, and the court in an opinion by HAWKINS, P. J., dismissed the exceptions to the adjudication.

*Errors assigned* were in dismissing exceptions to the adjudication.

*Wm. W. Wishart,* with him *J. Roy Dickie* and *Oscar F. Davisson,* for appellant.—Dr. Bingaman, a legatee, was not a disinterested witness: Kessler's Estate, 221 Pa. 314; Historical Society v. Kelker, 226 Pa. 16; Kelly's Estate, 21 Pa. D. R. 81; Fetterhoff's Estate, 228 Pa. 535.

The case at bar is not affected by the act of June 7, 1911, P. L. 702: Kelly's Estate, 21 Pa. D. R. 81; West Branch Boom Co. v. Dodge, 31 Pa. 285; Greenough v. Greenough, 11 Pa. 489; Taylor v. Mitchell, 57 Pa. 209; Packer v. Packer, 179 Pa. 580; Salters v. Tobias, 3 Paige Ch. (N. Y.) 338.

*A. M. Thompson* and *William A. Steinmeyer,* with them *James C. Gray* and *Don Rose,* for appellee.— Within the meaning of the statute, a disinterested witness is one who has no legal interest: Combs' App., 105 Pa. 155; Kessler's Est., 221 Pa. 314; Fetterhoff's Estate, 228 Pa. 535; Jeanes's Est., 228 Pa. 537; Stinson's App., 232 Pa. 218.

A codicil to a will is presumed to carry with it a republication of the whole instrument: Dobbins's Estate, 221 Pa. 249.

OPINION BY MR. JUSTICE STEWART, April 8, 1912:

What was said in Kessler's Estate, 221 Pa. 314, and all that was there said, was a deliberate expression of this court of the true meaning and effect of the provision in the Act of April 26, 1855, P. L. 328, requiring the attestation of two disinterested witnesses to the execution of a will containing charitable bequests. In no case

since decided has there been any attempt or disposition to qualify anything that appears in the argument supporting the conclusion there reached. Because in subsequent cases presenting similar issues, but where the facts differed, we have emphasized only so much of the ruling there as was applicable to the case then under consideration, an impression seems to prevail in some quarters,—so at least this and another appeal to our present term would indicate,—that Kessler's Estate is authority for nothing beyond its own peculiar facts; that is to say, that it decides nothing more than that an attesting witness, who is interested in or connected with the charity to be benefited, is not such disinterested witness as the law requires. What we have said above is a sufficient answer to this. The ruling in Kessler's Estate is, "If the attesting witness be interested as legatee or devisee under the will, or is to derive a pecuniary benefit or advantage from any part of it, or if he is interested at the time of attestation in a religious or charitable institution to be benefited thereby, he is not disinterested within the meaning of the statute." This was a carefully considered conclusion in which all concurred, and was meant to remove all doubt and uncertainty as to the true meaning of the act. In the present case the will contains several charitable bequests. One of the two attesting witnesses is a legatee under the will. While there are two codicils to the will, each attested by a disinterested witness, and that witness not one of the subscribing witnesses to the will proper, such circumstance does not bring the attestation of the will within the requirements of the statute. To have such effect the codicil would have to be a republication of the original will, and the requirements there, with respect to attestation, would be the same as in the case of the will itself. The case clearly falls within the ruling in the case referred to, and it was error in the court to hold otherwise.

At a recent session of the legislature an amending act to the Act of April 26, 1855, was passed June 7, 1911, P. L. 702, wherein it is provided, in interpretation and construction of the earlier act, that attesting disqualification to the execution of a will containing charitable bequests or devises, attaches only where the witness is interested in the charity benefited, the language of the amending act being, "A disinterested witness being a witness not interested in such religious or charitable use, this act not being intended to apply to a witness interested in some other devise, bequest, or gift in the same instrument." It was no less error in the court below to hold that this legislative construction of the earlier act prevails to save the will here involved, executed more than twelve years before the amending act was passed. That it was entirely competent for the legislature of 1911 to declare what meaning shall attach to an act passed in 1855 is not questioned, and it must follow of course that the more recent legislative interpretation must govern in the construction of the earlier act, in cases subsequently arising. The cases cited by the learned trial judge go no further. Until the Act of 1911 was passed, the Act of 1855, judicially construed, disqualified as an attesting witness to a will containing charitable bequests any one interested as legatee or devisee in the will. A subsequent legislative declaration that this construction expressed the true intent and purpose of the act, would have given no greater security to those who had succeeded to estates under the judicial construction of the act. No more can a subsequent contrary legislative construction weaken their security. Out of the great abundance of authority upon this proposition, it is sufficient if we refer to the case of Greenough v. Greenough, 11 Pa. 489. To give the Act of June 7, 1911, retroactive force would be so clearly beyond legislative power, as is shown in the case cited, that we entertain no thought that it was so intended. This very

question was raised in the case of Martha Shoemaker's Estate, decided at the present term in a per curiam opinion without discussion.

The assignments of error are sustained, and distribution ordered in accordance with the views here expressed.